FILED
2025 Sep-08 PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TYLER ROY; and FRANKLIN WAYNE HANNAH, JR.,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) **Case No. 2:25-cv-00645-AMM** |
| **RIVERCHASE AL OWNER LP and WESTMINSTER MANAGEMENT, LLC, ,** | ) |
| **Defendants.** | ) |
| **and** | ) |
| **RIVERCHASE AL OWNER LP and WESTMINSTER MANAGEMENT, LLC,** | ) |
| **Counterclaim Plaintiffs,** | ) |
| **v.** | ) |
| **TYLER ROY,** | ) |
| **Counterclaim Defendant.** | ) |

---

**DEFENDANTS RIVERCHASE AL OWNER LP'S AND WESTMINSTER MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

---

Defendants Riverchase AL Owner LP ("Riverchase") and Westminster Management, LLC ("Westminster") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure, Rules 7 and 12, submits their Answer and Affirmative Defenses to Plaintiffs Tyler Roy's ("Mr. Roy") and Franklin Wayne Hannah, Jr.'s ("Mr. Hannah") (collectively, "Plaintiffs") Complaint and asserts their Counterclaim against Plaintiff Mr. Roy.

## PARTIES

1. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 1 of the Complaint and therefore deny the allegations contained in Paragraph No. 1 of the Complaint.

2. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 2 of the Complaint and therefore deny the allegations contained in Paragraph No. 2 of the Complaint.

3. Defendants admit Riverchase is a foreign limited partnership and is the owner of the apartment community, Riverchase Landings, operating within Jefferson County, Alabama.

4. Defendants admit Westminster is a foreign limited liability company and is the management company of Riverchase Landings, operating within Jefferson County, Alabama.

5. Paragraph No. 5 of the Complaint does not contain allegations

directed at Defendants and does not require a response. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 5 of the Complaint and therefore deny the allegations contained in Paragraph No. 5 of the Complaint.

## **JURISDICTION AND VENUE**

6. Paragraph No. 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 6 of the Complaint and, therefore, deny the allegations in Paragraph No. 6 of the Complaint.

7. Paragraph No. 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 7 of the Complaint and, therefore, deny the allegations in Paragraph No. 7 of the Complaint.

## **FACTUAL ALLEGATIONS**

8. Defendants admit that Plaintiff entered into a written lease agreement ("the Lease") with Riverchase on or about February 9, 2023. Defendants submit the terms of the written Lease speaks for itself and deny any allegations that are inconsistent with the written terms of the Lease.

9. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 9 of the Complaint and therefore deny the allegations contained in Paragraph No. 9 of the Complaint.

10. Admitted.

11. Admitted.

12. Defendants admit a valid Lease was executed on or about February 9, 2023, and the terms of the written Lease speaks for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph No. 12.

13. Defendants submit the terms of the written Lease speak for themselves and deny all allegations in Paragraph No. 13 that are inconsistent with the written Lease. To the extent Paragraph No. 13 attempts to impose legal duties beyond those expressly assumed or imposed by law, Defendants deny the allegations contained in Paragraph No. 13.

14. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 14 of the Complaint and therefore deny the allegations contained in Paragraph No. 14 of the Complaint.

15. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 15 of the Complaint and therefore deny the allegations contained in Paragraph No. 15 of the Complaint.

16. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 16 of the Complaint and therefore deny the allegations contained in Paragraph No. 16 of the Complaint.

17. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 17 of the Complaint and therefore deny the allegations contained in Paragraph No. 17 of the Complaint.

18. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 18 of the Complaint and therefore deny the allegations contained in Paragraph No. 18 of the Complaint.

19. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 19 of the Complaint and therefore deny the allegations contained in Paragraph No. 19 of the Complaint.

20. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 20 of the Complaint and therefore deny the allegations contained in Paragraph No. 20 of the Complaint.

21. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 21 of the Complaint and therefore deny the allegations contained in Paragraph No. 21 of the Complaint.

22. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 22 of the Complaint and therefore deny the

allegations contained in Paragraph No. 22 of the Complaint.

23. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 23 of the Complaint and therefore deny the allegations contained in Paragraph No. 23 of the Complaint.

24. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 24 of the Complaint and therefore deny the allegations contained in Paragraph No. 24 of the Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 25 of the Complaint and therefore deny the allegations contained in Paragraph No. 25 of the Complaint.

26. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 26 of the Complaint and therefore deny the allegations contained in Paragraph No. 26 of the Complaint.

27. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 27 of the Complaint and therefore deny the allegations contained in Paragraph No. 27 of the Complaint.

28. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 28 of the Complaint and therefore deny the allegations contained in Paragraph No. 28 of the Complaint.

29. Defendants are without sufficient information to admit or deny the

allegations contained in Paragraph No. 29 of the Complaint and therefore deny the allegations contained in Paragraph No. 29 of the Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 30 of the Complaint and therefore deny the allegations contained in Paragraph No. 30 of the Complaint.

31. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 31 of the Complaint and therefore deny the allegations contained in Paragraph No. 31 of the Complaint.

32. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 32 of the Complaint and therefore deny the allegations contained in Paragraph No. 32 of the Complaint.

33. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 33 of the Complaint and therefore deny the allegations contained in Paragraph No. 33 of the Complaint.

34. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 34 of the Complaint and therefore deny the allegations contained in Paragraph No. 34 of the Complaint.

35. Defendants deny the allegations in Paragraph No. 35 of the Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of the

Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of the Complaint.

**COUNT I – VIOLATION OF THE UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT ("URLTA"), CODE OF ALABAMA 1975 § 35-9A-101, *et. seq.***

38. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 37 of the Complaint as if fully set forth herein.

39. Defendants submits the terms of the written Lease speak for themselves and deny all allegations in Paragraph No. 39 of the Complaint that are inconsistent with the written terms of the Lease.

40. Defendants submits the terms of the written Lease speak for themselves and deny all allegations in Paragraph No. 40 of the Complaint that are inconsistent with the written terms of the Lease. To the extent Paragraph No. 40 attempts to impose legal duties beyond those expressly assumed or imposed by law, Defendants deny the allegations of Paragraph No. 40.

41. Defendants deny the allegations in Paragraph No. 41 of the Complaint.

42. Defendants deny the allegations in Paragraph No. 42 of the Complaint, including subparts (a) – (f).

43. Defendants deny the allegations in Paragraph No. 43 of the

Complaint.

44. Defendants deny the allegations in Paragraph No. 44 of the Complaint.

45. Defendants deny they retaliated against Plaintiffs for making requests for repairs. The remainder of Paragraph No. 45 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph No. 45.

46. Defendants deny the allegations in Paragraph No. 46 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count I.

## COUNT II – BREACH OF § 35-9A-201(f), THE SECURITY DEPOSIT PROVISIONS OF THE UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT

47. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 46 of the Complaint as if fully set forth herein.

48. Paragraph No. 48 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph No. 48 attempts to impose duties beyond those expressly assumed or imposed by law, Defendants deny the allegations of Paragraph No. 48 of the Complaint.

49. Defendants are without sufficient information to admit or deny the

allegations contained in Paragraph No. 49 of the Complaint and therefore deny the allegations contained in Paragraph No. 49 of the Complaint.

50. Defendants deny the allegations in Paragraph No. 50 of the Complaint.

51. Defendants deny the allegations in Paragraph No. 51 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count II.

## COUNT III – BREACH OF THE WARRANTY OF HABITABILITY

52. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 51 of the Complaint as if fully set forth herein.

53. Defendants deny the allegations in Paragraph No. 53 of the Complaint.

54. Defendants deny the allegations in Paragraph No. 54 of the Complaint.

55. Defendants deny the allegations in Paragraph No. 55 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count III.

**<u>COUNT IV – BREACH OF § 35-9A-406, SUBSTANTIAL IMPAIRMENT OF THE PLAINTIFFS' RIGHT TO ENJOYMENT OF THE PROPERTY</u>**

56. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 55 of the Complaint as if fully set forth herein.

57. Defendants deny the allegations in Paragraph No. 57 of the Complaint.

58. Paragraph No. 58 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants acknowledge the quoted language in Paragraph No. 58 of the Complaint reflects the language in <u>Ala. Code</u> § 35-9A-406(b). However, Defendants assert that <u>Ala. Code</u> § 35-9A-406(b) speaks for itself.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count IV.

**<u>COUNT V – BREACH OF CONTRACT</u>**

59. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 58 of the Complaint as if fully set forth herein.

60. Defendants deny the allegations in Paragraph No. 60 of the Complaint.

61. Defendants deny the allegations in Paragraph No. 61 of the Complaint.

WHEREFORE, Defendant denies Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count V.

**COUNT VI – NEGLIGENCE**

62. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 61 of the Complaint as if fully set forth herein.

63. Paragraph No. 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required and Paragraph No. 63 attempts to impose duties beyond those expressly assumed or imposed by law, Defendants deny the allegations in Paragraph No. 63 of the Complaint.

64. Paragraph No. 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants submit Jefferson County Ordinance No. 1816, § 8, 103.5.1, a 2015 Ordinance to adopt a Building Code in Jefferson County, Alabama, speaks for itself, but Defendants deny it is the operative ordinance or Building Code in Jefferson County, Alabama. Further, to the extent Paragraph No. 64 attempts to impose legal duties beyond those expressly assumed or imposed by law, Defendants deny the allegations of Paragraph No. 64 of the Complaint.

65. Defendants deny the allegations in Paragraph No. 65 of the Complaint.

66. Defendants deny the allegations in Paragraph No. 66 of the

Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count VI.

**COUNT VII – WANTONNESS**

67. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 66 of the Complaint as if fully set forth herein.

68. Defendants deny the allegations in Paragraph No. 68 of the Complaint.

69. Defendants deny the allegations in Paragraph No. 69 of the Complaint.

70. Defendants deny the allegations in Paragraph No. 70 of the Complaint.

71. Defendants deny the allegations in Paragraph No. 71 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count VII.

**COUNT VIII – SUPPRESSION**

72. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 71 of the Complaint as if fully set forth herein.

73. Defendants deny the allegations in Paragraph No. 73 of the

Complaint.

74. Defendants deny the allegations in Paragraph No. 74 of the Complaint.

75. Defendants deny the allegations in Paragraph No. 75 of the Complaint.

76. Defendants deny the allegations in Paragraph No. 76 of the Complaint.

77. Defendants deny the allegations in Paragraph No. 77 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count VIII.

**COUNT IX – FRAUD IN THE INDUCEMENT**

78. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 77 of the Complaint as if fully set forth herein.

79. Defendants deny the allegations in Paragraph No. 79 of the Complaint.

80. Defendants deny the allegations in Paragraph No. 80 of the Complaint.

81. Defendants deny the allegations in Paragraph No. 81 of the Complaint.

82. Defendants deny the allegations in Paragraph No. 82 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered prayer for relief paragraph at the end of Count IX.

**COUNT X – THIRD PARTY BENEFICIARY**

83. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 82 of the Complaint as if fully set forth herein.

84. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph No. 84 of the Complaint and therefore deny the allegations contained in Paragraph No. 84 of the Complaint.

85. Defendants deny the allegations in Paragraph No. 85 of the Complaint.

86. Defendants deny the allegations in Paragraph No. 86 of the Complaint.

87. Defendants deny the allegations in Paragraph No. 87 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count X.

**COUNT XI – SLANDER/DEFAMATION**

88. Defendants adopt and incorporate their responses to Paragraph Nos. 1

through 87 of the Complaint as if fully set forth herein.

89. Defendants deny the allegations in Paragraph No. 89 of the Complaint.

90. Defendants deny the allegations in Paragraph No. 90 of the Complaint.

91. Defendants deny the allegations in Paragraph No. 91 of the Complaint.

92. Defendants deny the allegations in Paragraph No. 92 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count XI.

**COUNT XII – VIOLATION OF §35-9A-461 LANDLORD'S ACTION FOR RENT, MONETARY DAMAGES, AND/OR OTHER RELIEF**

93. Defendants adopt and incorporate their responses to Paragraph Nos. 1 through 92 of the Complaint as if fully set forth herein.

94. Defendants deny the allegations in Paragraph No. 94 of the Complaint.

95. Paragraph No. 95 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants submit the quoted language in Paragraph No. 95 of the Complaint reflects the language in Ala. Code § 35-9A-461(a), but asserts the code section speaks for itself.

96. Defendants deny the allegations in Paragraph No. 96 of the Complaint.

97. Defendants deny the allegations in Paragraph No. 97 of the Complaint.

WHEREFORE, Defendants deny Plaintiffs are entitled to any remedies sought in the unnumbered paragraph at the end of Count XII.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants deny all allegations of the Complaint not explicitly admitted in this Answer and demand strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action stated therein, fails to state a claim against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some, or all, claims contained in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants deny their actions were negligent, wanton, intentional, willful or taken in disregard of Plaintiffs' rights.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants deny they owed Plaintiffs a duty to maintain the Apartment at issue in the manner alleged by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Defendants deny they breached a duty, if any owed, to Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Defendants deny any alleged breach was the proximate cause of Plaintiffs' alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants deny they failed to maintain Plaintiffs' premises under Alabama law.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants deny they failed to comply with applicable building and housing codes materially affecting health or safety.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant did not breach any alleged contract(s) with Plaintiffs and fulfilled any and all of its obligations under said contract(s).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants deny they breached Ala. Code § 35-9A-101, et seq., titled the Alabama Residential Landlord and Tenant Act (hereinafter referred to as "The Act").

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not "tenants" as that term is defined under The Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants deny they failed to make all repairs or keep the premises in a habitable condition.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly notify Defendants of the alleged breach of the rental agreement or noncompliance with The Act as required under Ala. Code § 35-9A-401.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to provide Defendant an opportunity to cure the alleged defects.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants' alleged breach of The Act did not proximately cause Plaintiffs' damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any alleged breach of The Act was not in bad faith.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any alleged attorneys' fees claimed by Plaintiffs are unreasonable and therefore not recoverable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant did not breach any expressed or implied contract with Plaintiffs.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs were not the intended beneficiaries of any alleged contract(s) between Defendant and any other defendant or third-party.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot maintain a claim for breach of expressed or implied warranty of habitability arising from the landlord-tenant relationship.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants deny breaching any expressed or implied warranty of habitability.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants' alleged breach of an expressed or implied warranty of habitability did not proximately cause Plaintiffs any damage.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants deny engaging in any fraudulent or deceitful conduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants representations were true or reasonably believed to be true.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants deny that it made any mistaken, willful or intentional misrepresentation of a material fact to Plaintiffs.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendants deny they suppressed a material fact from Plaintiffs.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendants did not act with an intent to deceive with regard to any alleged contracts or alleged representations made with Plaintiffs.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Neither the alleged misrepresentations nor the alleged suppressions of

Defendants proximately caused Plaintiffs' alleged injuries or damages.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs did not rely on any representation of suppression made by Defendants.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Any reliance by Plaintiffs on a representation or suppression made by Defendant was not reasonable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Any alleged false statements made by Defendant about Plaintiffs were in fact truthful.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs were contributorily negligent.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly maintain their apartment unit in accordance with their applicable lease. Any damage caused to any portion of the leased property or Plaintiffs' personal property is not the responsibility of Defendant.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs were in materially noncompliance with their Lease Agreement.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to comply with all obligations imposed by their Lease

Agreement.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiffs failed to keep the premises safe and clean.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' damages and injuries are the result of a superseding or intervening cause.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were caused by the tenant, the tenant's family, a licensee or person on the premises with Plaintiffs' consent.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' damages and injuries are the result of a superseding or intervening cause.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiffs were not foreseeable.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Any damages claimed by Plaintiffs in this action resulted from the acts, omissions or events, other than the alleged acts or omissions of Defendant.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Any damages claimed by Plaintiffs in this action resulted from the actions of a third-party over whom Defendant has no control.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their alleged damages.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs suffered no damages as a result of the alleged conduct of Defendants and Plaintiffs, therefore, are not entitled to any relief requested in the Complaint, including, but not limited to, compensatory damages, punitive damages, attorneys' fees or costs.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Defendants deny Plaintiffs suffered mental anguish or emotional distress as a result of any act or conduct of Defendants.

**FIFTIETH AFFIRMATIVE DEFENSE**

Defendants deny Plaintiffs suffered any inconveniences or loss of enjoyment of property as a result of any act or conduct of Defendants.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by contract.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Defendants plead they are entitled to a set-off, credit, or recoupment of any recovery by Plaintiffs from any other person or entity, including but not limited to settlements or otherwise.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Defendants plead they are entitled to a reduction of any alleged damages based on any recovery from a collateral source.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

The punitive damages sought by Plaintiffs are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs' claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendants, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, oppressive, or fraudulent intent to deny Plaintiffs their protected rights; and are not so wanton or willful as to support an award of punitive damages.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of punitive damages violate the Fifth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs' satisfying a burden of proof

which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

The award of punitive damages to Plaintiffs in this action would constitute a

deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

The award of punitive damages to Plaintiffs in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Alabama Constitution.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are statutorily limited by Alabama Code, Section 6-11-21.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defenses as may be revealed during discovery or upon receipt of additional information.

**COUNTERCLAIM AGAINST PLAINTIFF TYLER ROY**

Defendants/Counterclaim Plaintiffs Westminster Management, LLC ("Westminster") and Riverchase AL Owner LP ("Riverchase") hereby submit this Counterclaim pursuant to Federal Rules of Civil Procedure, Rule 13(a), against Plaintiff/Counterclaim Defendant Tyler Roy ("Mr. Roy").

## PARTIES, JURISDICTION, AND VENUE

1. Defendant/Counterclaim Plaintiff Westminster Management, LLC ("Westminster") is a foreign limited liability company authorized and licensed to do business in the State of Alabama. At all times relevant, Westminster served as the property management company of Riverchase Landings apartment community located at 1322 River Haven Lane, Hoover, Alabama 35244.

2. Defendant/Counterclaim Plaintiff Riverchase AL Owner LP ("Riverchase") is a foreign limited liability company authorized and licensed to do business in the State of Alabama. At all times relevant, Riverchase is the owner of Riverchase Landings apartment community located at 1322 River Haven Lane, Hoover, Alabama 35244.

3. Plaintiff/Counterclaim Defendant Mr. Roy is, upon information and belief, an individual over the age of nineteen (19) years of age and, at all times relevant, was a resident citizen of Jefferson County, Alabama.

## FACTS

4. On or about February 9, 2023, Mr. Roy entered into a Residential Lease Agreement ("the Lease") with Riverchase for the rental property located at 1322 River Haven Lane, Apartment 1322, Hoover, AL 35244 (hereinafter, referred to as "the Apartment").

5. The Lease provided for a term beginning on February 9, 2023, and

ending on April 8, 2024.

6. The Lease provides Mr. Roy would pay a monthly rental amount.

7. The Lease provides that the tenant "may not withhold payment of rent to us while in possession in order to enforce any of your rights under the Alabama Uniform Residential Landlord/Tenant Act."

8. The Lease provides the monthly rental fee is due on or before the 5th day of the month and rent not paid on time would be subject to a late fee of $125.00.

9. The Lease provides that moving out prior to the end of the lease term is not a release from liability for the full term of the Lease and the tenant shall be liable for the entire Lease term even if they move out early.

10. The Lease provides a reletting charge equal to one month of rent will be owed upon early termination of the Lease if the tenant fails to provide sufficient move-out notice or moves out without paying rent in full for the entire Lease term.

11. On or about November 20, 2023, Mr. Roy vacated the premises and terminated the Lease prior to the agreed-upon Lease term without providing the contractually required notice.

**COUNT I – BREACH OF CONTRACT**

12. Defendants/Counterclaim Plaintiffs reallege Paragraphs 1 through 11 as though individually and fully set forth herein.

13. Defendants/Counterclaim Plaintiffs entered into a written, signed, and legally binding Lease with Mr. Roy.

14. Defendants/Counterclaim Plaintiffs complied with their obligations under the Lease.

15. Mr. Roy breached the terms of the Lease when he terminated the Lease early, without providing the proper contractual notice under the Lease.

16. As of November 20, 2023, Mr. Roy owed $2,076.35 on his account for unpaid rent, utilities and other incurred fees.

17. As a result of Mr. Roy's breach of the Lease, Mr. Roy is liable for both the unpaid rent and balance on his account at the time of termination, in addition to the rent for the remainder of the Lease term, which equates to $8,035.00, plus a re-letting fee of $1,607.00.

18. In total, as a result of Mr. Roy's breach of the Lease, Mr. Roy is liable for $11,718.35, plus interest on the outstanding balance, which continues to accrue.

WHEREFORE, Defendants/Counterclaim Plaintiffs demand judgment against Mr. Roy for Breach of Contract in the amount of $11,718.35, together with interest on the outstanding balance, which continues to accrue, and reasonable attorney's fees associated with this action.

DATED: September 8, 2025.

Respectfully submitted,

BY: */s/Caleigh M. Hart*
E. Britton Monroe (ASB-1454-072E)
Caleigh M. Hart (ASB-7842-U14M)
*Counsel for Defendant Westminster Management, LLC and Riverchase AL Owner LP*

**OF COUNSEL:**
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
Facsimile: (205) 967-2380
Email: bmonroe@lgwmlaw.com
chart@lgwmlaw.com

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served upon the following counsel of record by efiling and/or electronic mail, on this the 8th day of September, 2025.

Kristin M. Kizziah
Lawyer Up, LLC
2700 Corporate Drive, Suite 200
Birmingham, AL 35242
Telephone: (205) 517-2137
Fax: (205) 588-8746
kristin@lawyerupbama.com
*Attorney for Plaintiffs*

Jerri D. Grisham
Lawyer Up, LLC
2700 Corporate Drive, Suite 200
Birmingham, AL 35242
Telephone: (205) 517-2137
Fax: (205) 588-8746
jerri@lawyerupbama.com
*Attorney for Plaintiffs*

*/s/Caleigh M. Hart*
*OF COUNSEL*